[No. 17604. Department One. March 16, 1923.]

MICHAEL VENA, *Appellant*, v. WM. W. HUNT *et al.*, *Respondents.*[1]

INJUNCTION (24)—CONTRACTS—RESTRAINING BREACH—DEFAULT OF PLAINTIFF. An injunction against the breach of a contract cannot be sought by one who is in default or has not himself performed his part, so far as possible.

WITNESSES (98-1)—IMPEACHMENT—RIGHT TO IMPEACH OWN WITNESS. While plaintiff, by placing defendants on the stand, is not bound by the testimony of the hostile witnesses, and may contradict their testimony, the court is at liberty to accept and rely upon it.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered January 17, 1922, upon granting a nonsuit, dismissing an action for an injunction, tried to the court. Affirmed.

*Charles H. Paul,* for appellant.

*F. C. Kapp* and *Walter D. Peters,* for respondents.

HOLCOMB, J.—This action was brought by appellant against respondents to enjoin the alleged threatened breach of the terms of a written contract between appellant and respondents Hunt and Wagner, whereby, in consideration of appellant's furnishing the money to procure a patent from the United States on certain toys, and thereafter to exploit and manufacture the toys and organize a corporation for that purpose, appellant was to be given a one-third interest in the venture.

He alleged in his amended complaint that he had fully complied with his part of the contract. The allegations of the amended complaint were denied by answer, except as to the execution of the contract.

[1] Reported in 213 Pac. 476.

Although appellant alleged that he had fully complied with his part of the contract, at the trial he was obliged to admit that this was not true, but justified himself for his nonperformance by certain alleged excuses.

"A party is not entitled to enjoin the breach of a contract by another unless he himself has performed what the contract required of him so far as possible. If he himself is in default or has given cause for nonperformance by defendant he has no standing in equity." 22 Cyc. 852.

" . . . . nor as a general rule, will an injunction be granted to prevent the violation of a contract when it appears that the plaintiff is himself in default." 14 R. C. L. 385.

The case was decided by the trial court upon the evidence offered by appellant. Respondents introduced no testimony, as their challenge to the sufficiency of the evidence at the conclusion of the case of appellant was sustained. The two respondents were put upon the stand and testified at the instance of appellant, and while they were hostile witnesses and appellant would not be bound by their testimony, but could have put on contradictory testimony, if available, yet the trial court, who heard all of the evidence given at the trial, was at liberty to accept and rely upon the evidence given by respondents. The trial court remarked, at the conclusion of the evidence for appellant, that he was unable to believe from the evidence that it showed any connivance or bad faith on the part of respondents; that, on the contrary, it seemed to show that they acted as they thought for the best to protect the patent right involved in the contract and in seeking to get financial help. That nothing came of it for more than a month, was not the fault of respondents, but that, on the other hand, there was no tender alleged or proven, and no outlay on behalf of appellant.

Upon this evidence and the applicable principle quoted above, we are forced to the conclusion that the trial court decided rightly. It would be a profitless task to elaborately discuss the evidence and the points raised by appellant. The evidence, believed by the trial court, in the record sustains the decision.

Judgment affirmed.

MAIN, C. J., MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.